UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEIL N., <br>     Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of the Social Security Administration, <br>     Defendant. | C.A. No. 24-521-JJM-AEM |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

Neil is a Marine veteran who suffers from severe impairments of lumbar, cervical, thoracic spine disorder depressive disorder; anxiety disorder; and posttraumatic stress disorder. ECF No. 10 at 3, 5. . The Commissioner of Social Security denied Neil's claim for Disability Insurance Benefits and Supplemental Security Income. *Id.* at 3. On appeal to this Court, Neil claims that: (1) the Administrative Law Judge ("ALJ") failed to consider his migraines when assessing his residual function capacity ("RFC"); and (2) the vocational expert's (VE) testimony about job numbers was unreliable. *See id.* at 7-13. The Commission moves to affirm the ALJ's decision, asserting that: (1) Neil's migraines were carefully considered at the RFC stage; (2) the challenges to the VE's testimony are untimely and thus forfeited; and (3) there is no showing that the job numbers the VE provided came from an unreliable source. ECF No. 11 at 1.

I.   STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion." *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). That said, the ALJ's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). This Court also keeps in mind throughout its determination that the Social Security Act is a remedial statute that the Commission and courts should broadly construe and liberally apply and whose purpose is to mitigate the rigors of life for those who are disabled or impoverished. *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir. 1981); *Drovak v. Celebrezze*, 345 F.2d 894 (10th Cir. 1965).

## II.   DISCUSSION

### A.   The ALJ's Consideration of the Migraines

Neil asserts that the ALJ failed to consider his non-severe migraines when determining his RFC.  ECF No. 10 at 7.  Social Security Ruling 96-8p provides that

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.

SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).  Additionally, Social Security Administration regulations and case law require the ALJ to consider the combined effect of all the claimant's impairments at each step of the sequential evaluation process. *See McDonald v. Sec'y of Health Hum. Servs.*, 795 F.2d 1118, 1124-25 (1st Cir. 1986); 20 C.F.R. § 404.1520(g).  The RFC assessment must "contain a thorough discussion and analysis of the objective medical and other evidence . . . ." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

Here, the ALJ's decision indicates that he did consider Neil's non-severe migraines when assessing his RFC.  First, the ALJ explicitly discussed Neil's migraines at step two, when determining whether he had any sever impairments. *See* ECF No. 6 at 24.  In that discussion, the ALJ highlighted that Neil receives medication for his migraines, noted Neil's hearing testimony indicating that his headaches are under control with medication, and explained how the record failed to "reflect functional defects due to migraines." *Id.*  After discussing Neil's non-severe impairments at step two, the ALJ noted that he "considered all the claimant's

3

medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." ECF No. 6 at 25. By discussing Neil's migraines in depth at step two, "the ALJ is presumed to have considered that impairment to the same extent when determining [Neil's] RFC." *Lopez v. Kijakazi*, 704 F. Supp. 3d 279, 287 n.6 (D. Mass. 2023); *see id.* (quoting *Furey v. Saul*, 501 F. Supp. 3d 29, 52 (D. Mass. 2020) ("The Court reads the ALJ's decision as a whole, keeping in mind that 'it would be needless formality to have the ALJ repeat substantially similar factual analyses' at multiple points of his decision."). And such a presumption is appropriate when, as here, "the ALJ acknowledges that he was required to consider all the plaintiff's severe and non-severe impairments in determining [his] RFC." *Id.*

Moreover, in the RFC section of the decision, the ALJ explained that he relied on state agency medical consultants Dr. Elizabeth Conklin's and Dr. Frank Buda's findings—who found Neil's migraines non-severe, *see* ECF No. 6 at 120, 130, 140, 146, and assigned the same RFC limitations that the ALJ did, *compare* ECF No. 6 at 122-123 *with* ECF No. 6 at 27. The ALJ also discussed the persuasiveness of Dr. Buda's opinion—which focused on Neil's migraines—noting how the finding that the migraines were not severe was supported by Dr. Buda's medical records review and consistent with Neil's "longitudinal medical record," which indicated that his headaches were well controlled with medication. ECF No. 6 at 31. Thus, The ALJ's discussion of and reliance on these consultants' findings reaffirms that the ALJ properly considered Neil's migraines when determining his RFC. Accordingly, the

Court finds that the ALJ's decision was in accordance with SSR 96-8p and therefore remand is not appropriate for that issue.

### B. Reliability of VE's Job Numbers

Next, Neil challenges the ALJ's step-five finding, arguing that the VE's job numbers testimony was not reliable. ECF No. 10 at 8-10. But Neil's counsel at the ALJ hearing did not object to the VE's testimony or ask any questions about the methodology behind his job number testimony that is now challenged. *See* ECF No. 6 at 61-68. And "[c]ase law in this District is clear that a Plaintiff is required to first raise such an objection at the administrative level in order to develop an appropriate record and then pursue such a claim before the District Court." *Liam S. v. O'Malley*, No. 23-cv-194-WES, 2024 WL 260816, **7-8 (D.R.I. Jan. 24, 2024). Thus, because Neil's counsel did not question the VE " in any depth or substance about the job numbers provided to address the purported ambiguity of which he now complains . . . the argument is waived." *Id.*

## III. CONCLUSION

For the reasons discussed above, the Court GRANTS the Commissioner's Motion to Affirm, ECF No. 11, and DENIES Neil N's Motion to Reverse. ECF No. 10.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 5, 2025